IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Trula Bonita White, | ) | C/A No. 0:14-1621-MBS-PJG |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Valley National Bank, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

The appellant, Trula Bonita White ("Appellant"), a self-represented litigant, brings this appeal from an order issued by the United States Bankruptcy Court for the District of South Carolina. (ECF No. 1.) This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) DSC. Having reviewed the case in accordance with applicable law, the court concludes that this appeal should be dismissed.

**I.     Factual and Procedural History**

Appellant appeals an order, issued by the United States Bankruptcy Court for the District of South Carolina on March 3, 2014, denying her motion to reopen a Chapter 7 bankruptcy case. (ECF No. 1 at 1.) The bankruptcy court's designated record indicates that it notified Appellant by letter on March 25, 2014, that her notice of appeal had been filed. (ECF No. 3-8.) The letter directed Appellant to file in that "office and serve on the appellee, within fourteen days after the filing of the notice of appeal, a designation of the items to be included in the record on appeal and a statement of the issues to be presented" pursuant to Federal Rule of Bankruptcy Procedure 8006. (Id. at 1.) Appellant did not respond to the bankruptcy court's letter prior to entry of the designated record in

this case on April 23, 2014. Therefore, this court issued an order on May 9, 2014, giving Appellant notice of, and an opportunity to cure, the procedural deficiencies in this appeal. (ECF No. 6.) Appellant did not respond to the court's order or correct the procedural deficiencies within the specified time period.

## II.     Discussion

Final orders of the bankruptcy court are appealable to the district court pursuant to 28 U.S.C. § 158(a)(1). However, it is well established that "[i]f an appellant violates one of the rules of bankruptcy procedure, the district court may dismiss the appeal." In re Weiss, 111 F.3d 1159, 1173 (4th Cir. 1997). Rule 8001(a) of the Federal Rules of Bankruptcy Procedure provides, in pertinent part, as follows: "An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal." Because dismissal is a "harsh sanction which a district court must not impose lightly," a court must take at least one of the following steps before dismissing an appeal for violation of a procedural rule: "(1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives." In re Serra Builders, Inc., 970 F.2d 1309, 1311 (4th Cir. 1992) (citation omitted); see also In re Weiss, 111 F.3d at 1173 (" 'a proper application of [the] test will normally require a district court to consider and balance all relevant factors.' ") (citing In re SPR Corp., 45 F.3d 70, 74 (4th Cir. 1995)).

Balancing these factors in light of the sanction of dismissal, the court notes that both the bankruptcy court and this court provided Appellant notice of, and an opportunity to cure or respond



to the violation of Federal Rule of Bankruptcy Procedure 8006. Appellant's failure to comply with this court's order, if not intentional and in bad faith, is clearly negligent. See Rahmi v. Trumble, C/A No. 3:14-CV-18, 2014 WL 1878764, at *2 (N.D.W. Va. May 12, 2014) (dismissing bankruptcy appeal for failure to prosecute after rule to show cause order issued). Further, Appellant's failure to follow the procedural rules in this appeal "burdens this court's docket, unnecessarily delays resolution of the controversies in this case, and is prejudicial to the prompt administration of justice." Bhagani v. Doyle, C/A No. 2:13-53-DCN-BHH, 2013 WL 1205864, at *2 (D.S.C. Mar. 1, 2013), adopted by 2013 WL 1205724 (D.S.C. Mar. 25, 2013). As Appellant has failed to respond to, or comply with, directives to cure the procedural deficiencies in this appeal, it does not appear that any lesser sanction would provide incentive for Appellant to submit her designation of items to be included in the record and a statement of the issues to be presented on appeal. Thus, the court finds that dismissal of the appeal is appropriate under Federal Rule of Bankruptcy Procedure 8001(a). See In re Williams, No. 14-1015, 2014 WL 2443790, at *1 (4th Cir. June 2, 2014) (affirming district court's dismissal of bankruptcy appeal where appellant failed to timely file appeal brief and designation of the record).

**III.    Conclusion**

Accordingly, it is recommended that Appellant be denied leave to appeal the bankruptcy court order and that this action be dismissed without prejudice.

*[signature: Paige J. Gossett]*

June 27, 2014                                          Paige J. Gossett
Columbia, South Carolina                    UNITED STATES MAGISTRATE JUDGE

*Appellant's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).